Louis McCARTY, Respondent, v. NOHAM COMPANY, INC., Appellant.

Second Department, December 10, 1926.

Brokers — real estate broker — action to recover commission for sale of land — contract provided that sale must be made within specified time — contract of sale executed within time specified complied with broker's contract.

A real estate broker who entered into a contract to sell land, which contract stipulated that the land must be sold within a specified time, is entitled to his commission, where it appears that the contract for the sale of the land was executed by the owner and the purchaser prior to the expiration of the time limited, although the title was not closed until after the contract period.

APPEAL by the defendant, Noham Company, Inc., from a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of July, 1926, upon the decision of the court rendered after a trial

at the Kings Special Term, with notice of intention to bring up for review the interlocutory judgment entered in said clerk's office on the.8th day of April, 1926.

*John S. Chapman, Jr.,* for the appellant.

*Herman S. Bachrach,* for the respondent.

Interlocutory and final judgments unanimously affirmed, with costs, upon the opinion of Mr. Justice CROPSEY at Special Term.

Present — KELLY, P. J., JAYCOX, MANNING, KAPPER and LAZANSKY, JJ.

The following is the opinion of the court below:

CROPSEY, J.   For services rendered in procuring a contract for the defendant for the purchase of a tract of land, and for services to be rendered in endeavoring to resell the same for the defendant, defendant agreed with plaintiff's assignor to pay the latter twenty-five per cent of the net profits realized on the resale.   While plaintiff's assignor agreed to use his best endeavors to resell the land, the contract provided he was to have his share of the profits even if another broker brought about the resale.   The contract contained the limitation that it was to be good for one year from the date defendant took title and " in case the said premises are not resold within the said period, then the party of the second part shall not be entitled to any profits or consideration whatsoever." Fifteen days before the year mentioned had expired the defendant, through another broker, made a written contract to sell the property. By its terms that contract was to close about four and one-half months after it was made, all adjustments to be made as of a date about three and one-half months from its date.   The title was passed under that contract.   Plaintiff, having an assignment of the claim, sued to recover twenty-five per cent of the net profits realized by defendant — a part of it in cash and the balance by obtaining a share in a mortgage as the contract between the parties provided.   The sole question for decision is whether the property was " resold " within the meaning of the agreement within the year.   Concededly the contract for its sale was made within that period, and title did not pass until after the year had ended.   I think there was a resale within the year, and this holding finds support in the cases of *Barber Paving Co.* v. *Standard Asphalt Co.* (39 App. Div. 617, 621–623) and *Fries* v. *Merck* (167 N. Y. 445).   The agreement did not require that title should pass within the year. When the contract was signed the property was sold in the sense that it was no longer available for sale, and defendant was obligated

to deliver a deed upon compliance by the purchaser with its terms. Whether the contract should be closed after a short or a long period was immaterial. If there is any difference over the amount of the profits, proof thereof will be taken on a date to be fixed. Otherwise the amount may be stipulated and findings and judgments submitted upon notice.